UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------
In re

CLINTON B. HENDERSON, dba Bookstock_Us,
dba CB Henderson Construction Co. and
RENATA HENDERSON,

                                Joint Debtors.
----------------------------------

RONALD SCHEIDELMAN and KHALIDA      6:09-CV-714
SCHEIDELMAN,

                                Appellants.

----------------------------------

DAVID N. HURD
United States District Judge

## DECISION and ORDER

       Appellants Ronald Scheidelman and Khalida Scheidelman appeal the Memorandum Decision, Findings of Fact, Conclusions of Law, and Order of Hon. Diane Davis, United States Bankruptcy Judge, entered on May 27, 2009, denying appellants' motion for recusal.

       In reviewing a bankruptcy court's decision, a district court applies the clearly erroneous standard to conclusions of fact and *de novo* review to conclusions of law. In re Manville Forest Prods. Corp., 209 F.3d 125, 128 (2d Cir. 2000); In re Petition of Bd. of Directors of Hopewell Int'l Ins. Ltd., 275 B.R. 699, 703 (Bankr. S.D.N.Y. 2002); Fed. R. Bankr. P. 8013.

       Disqualification is necessary where "impartiality might reasonably be questioned" or where there is "a personal bias or prejudice concerning a party, or personal knowledge of

disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a), (b)(1).  However, adverse decisions and rulings, as well as "legal disagreements with counsel are not sufficient for judicial disqualification under § 455(b)(1)." SEC v. Drexel Burnham Lambert Inc. (In re Drexel Burnham Lambert Inc.), 861 F.2d 1307, 1314 (2d Cir. 1988).

Appellants base their request for Judge Davis's recusal upon rulings she has made adverse to them and in favor of their opponents in the underlying bankruptcy litigation.  No facts support appellant's allegations of impartiality and bias.  Thus, disqualification or recusal is not necessary or advisable.  See In re Drexel Burnham Lambert, 861 F.2d at 1312 (stating "A judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is").

It is necessary to warn appellants that continued personal attacks upon Judge Davis will not be tolerated.  Their brief on this appeal is replete with such unfounded accusations as "Judge Davis deals fast and loose with both the facts and the law," "rubberstamping" attorney's arguments, "false statements by Judge Davis," and "gross, blatant, pervasive, and deep-seated prejudice and antagonism," to cite but a few.  Should any future filings contain such inappropriate language, appellants will be ordered to show cause why they should not be prohibited from filing any document without prior order of the Court.  Again, such personal attacks against a member of the judiciary will be dealt with in the harshest available manner, including but not limited to the severe sanction of prohibiting further filings by appellants.

In sum, appellants' appeal of the Bankruptcy Court's Order of May 27, 2009, denying appellants' motion for recusal is not well taken.

Accordingly, it is

ORDERED that the Bankruptcy Court's Order of May 27, 2009, is AFFIRMED.

IT IS SO ORDERED.

_____
United States District Judge

Dated: December 14, 2009
       Utica, New York.